EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569
    Facsimile: (213) 894-7177
    E-mail: Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $192,300.00 IN U.S. CURRENCY, <br><br> Defendant. <br><br> DARRYL LEVONNE MASON, <br><br> Claimant. | Case No. CV 15-04391-FMO(Ex) <br><br> **CONSENT JUDGMENT OF FORFEITURE** |

On or about June 10, 2015, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Complaint for Forfeiture alleging that the

defendant $192,300.00 in U.S. Currency (the "defendant currency") is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

Claimant Darryl Levonne Mason ("Claimant") filed a claim to the defendant currency on or about November 9, 2015 and an answer to the Complaint for Forfeiture on or about January 28, 2016. No other parties have appeared in this case and the time for filing claims and answers has expired.

The government and Claimant have now agreed to settle this action and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other than Claimant. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4. The sum of $6,000.00 only (without interest) shall be returned to Claimant. The remainder of the defendant currency (i.e., $186,300.00), plus the interest earned by the United

States of America on the defendant currency shall be condemned and forfeited to the United States of America, which shall dispose of those funds in accordance with law.

5. The funds to be returned to Claimant pursuant to paragraph 4 above shall be paid to Claimant by electronic transfer directly into the client trust account of Claimant's attorney of record in this case.  Claimant (through his attorney of record) shall provide to the United States of America the information necessary for the United States of America to complete the transfer.

6. Claimant hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration or the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.

7. The Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

     8.   The Court further finds that Claimant did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

Dated: <u>February 17, 2016</u>

                                                  /s/_____
                                         HONORABLE FERNANDO M. OLGUIN
                                         UNITED STATES DISTRICT JUDGE

CONSENT

The parties hereto consent to the above consent judgment of forfeiture and waive any right of appeal.

Dated: February 16, 2016            EILEEN M. DECKER
                                          United States Attorney
                                          LAWRENCE S. MIDDLETON
                                          Assistant United states Attorney
                                          Chief, Criminal Division
                                          STEVEN R. WELK
                                          Assistant United States Attorney
                                          Chief, Asset Forfeiture Section

                                          /s/ Victor A. Rodgers
                                          VICTOR A. RODGERS
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

DATED: February 10, 2016            /s/ Darryl Levonne Mason
                                          DARRYL LEVONNE MASON, Claimant

DATED: February 16, 2016            /s/ Paul L. Gabbert
                                          PAUL L. GABBERT, ESQ.

                                          Attorney for Claimant
                                          DARRYL LEVONNE MASON